Slip Op 16 - 102

UNITED STATES COURT OF INTERNATIONAL TRADE

CAPELLA SALES & SERVICES LTD.

      Plaintiff,

          v.

UNITED STATES,

      Defendant.

Before: Donald C. Pogue,
         Senior Judge

Court No. 14-00304

OPINION AND ORDER

[Motion for reconsideration denied.]

Dated: October 25, 2016

      Irene H. Chen, Chen Law Group LLC, of Rockville, MD, and Mark B. Lehnardt, Lehnardt & Lehnardt LLC, of Liberty, MO, for the Plaintiff.

      Aimee Lee, Senior Trial Counsel, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, of New York, NY, for the Defendant.  Also on the brief were Benjamin C. Mizer, Principal Deputy Assistant Attorney General, Jeanne E. Davidson, Director, and Reginald T. Blades, Assistant Director. Of counsel were Jessica M. Link, Attorney, Office of the Chief Counsel for Trade Enforcement & Compliance, U.S. Department of Commerce, of Washington, DC, and Edward N. Mauer, Office of Assistant Chief Counsel, International Trade Litigation, U.S. Customs & Border Protection, of New York, NY.

      **Pogue, Senior Judge:** Before the court is Capella Sales

& Services Ltd.'s ("Plaintiff" or "Capella") motion, pursuant to

USCIT Rule 59(a)(1)(B), for reconsideration of Slip

Opinion 16-72. Pl.'s Mot. for Reconsideration, ECF No. 62

("Pl.'s Mot.").  Disposition of this motion is within "the sound

discretion of the court." <u>United States v. Gold Mountain Coffee,</u> <u>Ltd.</u>, 8 CIT 336, 336, 601 F. Supp. 212, 214 (1984). "[T]he Court will not exercise its discretion to disturb a previous decision unless it is manifestly erroneous." <u>Royal Thai Gov't</u> <u>v. United States</u>, 30 CIT 1072, 1074, 441 F. Supp. 2d 1350, 1353-54 (2006) (citation and quotation marks omitted).

Plaintiff argues for reconsideration because it believes the court did not consider "material points of law" raised by Capella, and that, had the court so considered, "it likely would have reached a different conclusion." Pl.'s Mot., ECF No. 62, at 3, 5; <u>cf.</u> <u>Target Stores, Div. of Target Corp.</u> <u>v. United States</u>, 31 CIT 154, 159, 471 F. Supp. 2d 1344, 1349 (2007) (holding that the purpose of reconsideration is "to direct the Court's attention to some material matter of law or fact which it has overlooked in deciding a case, and which, had it been given consideration, would probably have brought about a different result" (quotation marks and citation omitted)).

Plaintiff's motion is premised on the assertion that the term "entries" in 19 U.S.C. §§ 1516a(c)(1), (e) is ambiguous. However, as the court has already explained, it is not. <u>See</u> <u>Capella Sales & Servs. Ltd. v. United States</u>, __ CIT __, Slip Op. 16-72 (July 20, 2016) at 19-25.

"Ambiguity is a creature not of definitional
possibilities but of statutory context." <u>Brown v. Gardner</u>,
513 U.S. 115, 118 (1994) (citation omitted).[1]  This leaves the
rest of Plaintiff's arguments – about the reasonableness of
Commerce's decision, about equity, about policy – irrelevant.
Where Congress has "directly spoken to the precise question at
issue," where "the intent of Congress is clear," then "that is
the end of the matter." <u>Chevron, U.S.A., Inc. v. Nat. Res. Def.
Council, Inc.</u>, 467 U.S. 837, 842 (1984).  "[T]he court, as well
as the agency, must give effect to the unambiguously expressed
intent of Congress." <u>Id.</u> at 842-43.[2]

---

[1] Section 1516a(c)(1) provides that subject "entries" made "on or
before the date of publication in the Federal Register by
[Commerce] of a [Timken Notice]" "shall be liquidated in
accordance with [Commerce's original] determination," "[u]nless
such liquidation is enjoined by the court [in a pending
appeal]." 19 U.S.C. § 1516a(c)(1).  The language is clear and
imperative, leaving Commerce without discretion.  Commerce
"shall" liquidate un-enjoined, subject entries made prior to the
Timken Notice pursuant to Commerce's determination.  Section
1516a(e) lists which "entries" are entitled to be "liquidat[ed]
in accordance with [the] final [court] decision": entries made
"after" the Timken Notice and entries "for which liquidation was
enjoined" pursuant to the relevant litigation. <u>Id.</u>
at § 1516a(e).  The list is closed and *expressio unius est
exclusio alterius*.

[2] Plaintiff also asserts that, because the court did not directly
quote Plaintiff's argument about statutory ambiguity, the court
must not have considered that argument. This theory is
meritless. As Plaintiff notes in its own Reply, the court
addressed the question, and held that the statutory language was
unambiguous. Therefore, even if the court had included direct
citations to Plaintiff's ambiguity argument, it cannot be said
that this would "probably have brought about a different

In short: Plaintiff's arguments do not improve with repetition.  Their reconsideration will not "[bring] about a different result." Target Stores, 31 CIT at 159, 471 F. Supp. 2d at 1349 (citation and quotation marks omitted); cf. Capella Sales & Servs. Ltd. v. United States, __ CIT __, Slip Op. 16-86 (September 14, 2016).  Therefore, Plaintiff's motion for reconsideration is denied.

It is SO ORDERED.

                                    /s/ Donald C. Pogue
                              Donald C. Pogue, Senior Judge

Dated: October 25, 2016
       New York, NY

---

result." Target Stores, 31 CIT at 159, 471 F. Supp. 2d at 1349
(citation and quotation marks omitted).